1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK FONG,

                Plaintiff,

      v.

PROFESSIONAL FORECLOSURE CORP.,
et al.,

                Defendants.

NO.  C05-448JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on a motion for summary judgment by Defendants Professional Foreclosure Corporation ("PFC"), Amy Connolly, and Shapiro & Anderson, LLP ("Shapiro") (Dkt. # 15).  Plaintiff has not opposed Defendants' motion, nor requested oral argument.  Having considered the documents filed in support of this motion, the court GRANTS Defendants' motion.

## II.   BACKGROUND

Plaintiff Jack Fong secured a loan toward purchase of his Kent, Washington home by granting a deed of trust to Diamond Mortgage Corporation.  Washington Mutual now holds the promissory note secured by the deed of trust following several sales and purchases of the loan by various financial institutions.  After Mr. Fong defaulted on his payment obligations,

ORDER- 1

1  PFC commenced non-judicial foreclosure proceedings to enforce Washington Mutual's

2  security interest in the property.[1]

3         Mr. Fong alleges that the Defendants engaged in unlawful debt collection practices

4  which, in turn, violated his due process rights and caused him emotional distress and

5  embarrassment.[2]  Mr. Fong filed suit against PFC, PFC employee Ms. Connelly, and Shapiro,

6  the law firm assisting PFC in the foreclosure.

7                        **III.   DISCUSSION**

8         In examining Defendants' motion, the court must draw all inferences from the

9  admissible evidence in the light most favorable to the non-moving party.  Addisu v. Fred

10  Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is proper where there

11  is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

12  law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to demonstrate the

13  absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

14  (1986).  Once the moving party has met its burden, the opposing party must show that there is

15  a genuine issue of fact for trial.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S.

16  574, 586-87 (1986).  The opposing party must present significant and probative evidence to

17  support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551,

18  1558 (9th Cir. 1991).

19

20         [1] The court provides this statement of facts merely to provide context as it is based largely on
21  what the Defendants provided in their motion.  Mr. Fong has not provided details on the events
   leading up to foreclosure, presumably because he does not dispute that Washington Mutual has a
22  security interest in his property or that he was in default when PFC commenced foreclosure
   proceedings.  In any case, Mr. Fong's complaint regarding debt collection practices does not turn on
23  the particulars of these events.

24         [2] The court construes Mr. Fong's allegations related to due process and emotional distress as
   arising under a sole cause of action pursuant to the Fair Debt Collection Practices Act.

25

26  ORDER- 2

1    When a non-moving party fails to oppose a summary judgment motion, the court must still

2    apply the above standards consistent with Fed. R. Civ. P. 56.  Henry v. Gill Indus., Inc., 983 F.2d 943,

3    949-50 (9th Cir. 1993) (holding that the court may not grant summary judgment merely because a

4    motion is unopposed, even where local rules are to the contrary).  The court must determine if the

5    moving party's papers are sufficient to demonstrate that there is no genuine issue of material fact and

6    judgment is appropriate as a matter of law.  Id. at 950.

7    The sole, dispositive issue in this matter is whether Defendants are "debt collectors" subject to

8    the Fair Debt Collection Practices Act ("FDCPA").  15 U.S.C. § 1692 et seq.  Mr. Fong alleges

9    that Defendants failed to provide him proper notice of his debt in violation of Section

10   1692g(3) of the FDCPA.  15 U.S.C. § 1692g(3).[3]  Defendants do not dispute this allegation;

11   rather, Defendants claim that they are not subject to Section 1692g(3) because they are not

12   debt collectors as defined by the FDCPA and therefore, cannot be held liable under this

13   provision.  At most, Defendants claim that they are subject to Section 1692f(6), which

14   governs practices related to dispossession of consumer property.  Mr. Fong does not allege

15   anything in his complaint that could be construed as falling under 1692f(6).[4]

16   Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt

17   collectors."  15 U.S.C. § 1692(e).  "Debt collector" includes "any person who uses any

18   instrumentality of interstate commerce or the mails in any business the principal purpose of

19

20   [3] The FDCPA requires debt collectors to provide consumers with a written notice that

21   contains, among other things, "a statement that unless the consumer, within thirty days after receipt of
     the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid

22   by the debt collector." 15 U.S.C. § 1692g(3).

23   [4] Section 1692f(6) makes it an unfair practice to: "Tak[e] or threaten[] to take any nonjudicial
     action to effect dispossession or disablement of property if – (A) there is no present right to possession

24   of the property claimed . . . (B) there is no present intention to take possession of the property; or (C)
     the property is exempt by law . . . ."

25

26   ORDER- 3

1  which is the collection of any debts . . . ." Id. at 1692a(6).  A "debt" is an obligation to pay

2  money.  Id. at 1962a(5).

3        A trustee, such as PFC, who commences foreclosure on a property pursuant to a deed

4  of trust is not a debt collector as broadly defined by the FDCPA.  Hulse v. Ocwen Federal

5  Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosing on a deed of trust is

6  distinct from the collection of the obligation to pay money."); see also Heinemann v. Jim

7  Walter Homes, Inc., 47 F. Supp. 2d 716, 722 (D. W. Va. 1998), aff'd,173 F.3d 850 (4th Cir.

8  1999) (holding that foreclosure notice and sale did not constitute debt collecting activities

9  under the FDCPA).  That is, foreclosing on a deed of trust enforces an interest in property,

10  not a consumer's obligation to pay money.  Hulse, 195 F. Supp. 2d at 1204; Heinemann, 47

11  F. Supp. 2d at 722.  By the same rationale, an agency charged with repossessing automobiles

12  is not a debt collector under the broad sense of the FDCPA definition.  Jordan v. Kent

13  Recovery Services, 731 F. Supp. 652, 657-58 (D. Del. 1990) (holding that those enforcing

14  security interests in collateral, rather than collecting on monetary obligations, qualify as debt

15  collectors only in regards to FDCPA Section 1692f(6)).  Notably, Washington's Deed of

16  Trust Act provides that a foreclosure action constitutes enforcement of an interest in property

17  via a trustee's sale.  RCW § 61.24.100 et seq; id. § 61.24.020 ("A deed conveying real

18  property to a trustee . . . may be foreclosed by trustee's sale.").

19        A comparison of Mr. Fong's complaint to Defendants' motion reveals that

20  Defendants have demonstrated an absence of genuine issues of material fact and therefore, are

21  entitled to judgment as a matter of law.  The parties do not dispute that this foreclosure action

22  involves a trustee's enforcement of an interest in property.  Indeed, in his declaration, Mr.

23  Fong states that PFC and Ms. Connolly, by their alleged violation of the FDCPA, attempted

24  to "steal the property" from him.  Fong Decl. ¶ 2.  The entirety of Mr. Fong's factual

25  allegations

26  ORDER- 4

center on actions that took place during foreclosure proceedings.  Because foreclosure

activities fall outside of the FDCPA for purposes of Section 1692g(3), and with no material

facts in dispute, Defendants are entitled to a judgment as a matter of law.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion for summary

judgment (Dkt. # 15).

Dated this 22nd day of November, 2005.

s/James L. Robart
_____
JAMES L. ROBART
United States District Court

ORDER- 5